NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re** | United States Bankruptcy Court for |
| **MONROE CENTER, LLC,** | the District of New Jersey |
| Debtor. | Case No. 08-27203 |

| | |
|---|---|
| AKAI FINE ARTS, INC., | |
| Appellant, | |
| v. | Civ. Action No. 10-5451 (KSH) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Appellee. | **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I. Factual Background and Procedural History**

This case comes before the Court on an appeal from the bankruptcy court's denial of appellant's motion for reconsideration of an order expunging appellant's administrative claim.

The debtor, Monroe Center LLC, filed a voluntary petition for relief under Chapter 11 on September 10, 2008. The appellant, Akai Fine Arts, Inc. ("Akai"), filed a timely administrative expense claim—Claim No. 35—under § 503 of the Bankruptcy Code on October 5, 2009. The claim, which was partially liquidated and partially unliquidated, sought $68,730, which Akai states are sums owed to it as a result of the debtor's diversion of rents from AFA's subtenants. The unliquidated component sought relief for wrongful eviction.

The Official Committee of Unsecured Creditors ("the Committee") filed an objection to the claim on January 25, 2010. Akai neither filed opposition nor appeared at a hearing on March

1

2, 2010, and Judge Steckroth granted the Committee's unopposed motion and expunged Akai's claim.  The next day, Akai moved for reconsideration or vacatur of the order expunging its claim, and after a hearing on March 30, 2010, Judge Steckroth denied the motion in an oral opinion, and Akai appealed.  [D.E. 1.]

**II. Jurisdiction and Standard of Review**

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334.  This Court has jurisdiction over the bankruptcy court's decision to expunge Akai's claim because it is a final order under 28 U.S.C. § 158(a).  *In re Walsh Trucking Co.*, 838 F.2d 698, 701 (3d Cir. 1988).

In an appeal from the bankruptcy court, this Court must accept the lower court's factual findings unless clearly erroneous.  *Jones v. Chemetron Corp.*, 212 F.3d 199, 204–205 (3d Cir. 2000).  The Court reviews legal issues de novo, and reviews "the bankruptcy court's ultimate determination regarding the existence of excusable neglect for abuse of discretion."  *Id.*

**III. Discussion**

Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  The "excusable neglect" inquiry requires the Court to examine four factors: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  *Id.* at 392.

Akai makes the same arguments on appeal as it did before Judge Steckroth. It asserts that it did not oppose the Committee's motion because there were ongoing settlement negotiations between itself and the debtor, and that "numerous confirmation and solicitation adjournment dates" in the underlying case caused a "calendaring oversight." (Appellant's Br. at 5.) Likewise, the Committee responds with the same arguments it presented to Judge Steckroth: Akai made a single phone call which did not constitute "settlement discussions" and has failed to provide any valid alternative excuse.

Judge Steckroth ruled that, under the *Pioneer* factors, Akai had not demonstrated excusable neglect. In his oral opinion, he focused on Akai's proffered reasons for the delay. He rejected Akai's contention that the delay was caused by ongoing settlement talks between Akai and the debtor, determining that "there was one conversation which I don't think anyone would conclude as serious negotiations." (Tr. 7:19–20.) He also rejected Akai's contention that calendaring changes caused the delay, noting that while there may have been one or more adjournments, they did not provide reason for failing to appear and failing to submit opposition. (Tr. 7:20–8:2.) Moreover, Akai conceded before the court below that the delay was within its reasonable control. (Mot. for Reconsideration ¶ 22.) This case is unlike the situation in *In re Tygart Indus., Inc.*, in which counsel's failure to file opposition appear at a hearing was excused because a clerical error that occurred while he was on vacation left him unaware of the hearing date. 139 B.R. 145, 145, 147 (W.D. Pa. 1991). Rather, Judge Steckroth found that counsel's excuse that settlement negotiations were ongoing was manufactured. Recognizing that mere inadvertence does not constitute excusable neglect, *Pioneer*, 507 U.S. at 392, and that the conduct of a party's counsel is attributable to the party, *id.* at 396–97, the Court cannot conclude

3

that Judge Steckroth abused his discretion when determining that Akai did not establish excusable neglect.

Akai's appeal is therefore denied, and the order below, denying Akai's motion for reconsideration of the order expunging Claim No. 35, is therefore affirmed.

/s/Katharine S. Hayden<br>
Katharine S. Hayden, U.S.D.J.